### Phillip MARTINEZ, Petitioner-Appellant,

v.

### Steve LANGFORD and Chairman United States Parole Commission, Respondents-Appellees.

### No. 17-55232

United States Court of Appeals, Ninth Circuit.

Submitted August 9, 2017 *

Filed August 14, 2017

Phillip Martinez, Pro Se

Peter Hardin, Anwer Khan, Special Assistant United States Attorney, L. Ashley Aull, Assistant U.S. Attorney, DOJ—Office of the U.S. Attorney, Los Angeles, CA, for Respondents-Appellees

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Phillip Martinez appeals pro se from the district court's order denying his motion for a temporary restraining order and a preliminary injunction in his 28 U.S.C. § 2241 habeas corpus action. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for abuse of discretion, *see Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 725 F.3d 940, 944 (9th Cir. 2013), and we affirm.

Martinez contends that the district court erred in denying his request for an order enjoining the United States Parole Commission and the United States Probation Office from requiring him to submit to drug and alcohol testing as a condition of his parole. Because Martinez failed to establish a likelihood of success on the merits or a likelihood of irreparable harm in the absence of injunctive relief, the district court did not abuse its discretion. *See Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

Martinez's request for sanctions, set forth in his reply brief, is denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.